Rev. 12/2018

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

James Thomas Burke, Pro-se, VT.-#15001291

*Plaintiff's full name and prisoner number*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
JAN 10 2022
SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

Plaintiff,

v.

State of WA., Spokane County Sheriff's-Cpl. Dave Reagan, The Eastern Washington Joint Fugitive Task Force U.S. Deputy Unknown MARSHAL, et. al.

Unknown other[s] et. al., in their

*Defendant's/defendants' full name(s)*
[Individual-&-Official Capacity[s]
Defendant(s).

Case No **2:22-cv-00004-MKD**
(leave blank – for court staff only)

**PRISONER CIVIL RIGHTS COMPLAINT**
[Individual & Official Capacity[s],

Jury Demand?
☒ Yes
☐ No

[See exhibt-A]
[ATTACHED]

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names. The names listed here must be identical to those in Section II. Do not include addresses here. **Individuals whose names are not included in this section will not be considered defendants in this action.**)

## WARNINGS

1. Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence. If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus. If you use this form to challenge your conviction or sentence, you risk having your claim dismissed. Separate forms are available for filing a habeas petition.

2. Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit. This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review. Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA. You are not required to plead or show that you have exhausted your claim in this complaint.

3.  Please review your complaint carefully before filing. If your case is dismissed, it may affect your ability to file future civil actions while incarcerated without prepaying the full filing fee. Under the PLRA, a prisoner who has had three or more civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim cannot file a new action without first paying the full filing fee, unless the prisoner is in imminent danger of serious bodily injury.

4.  Under Federal Rule of Civil Procedure 5.2, papers filed with the court, including exhibits or attachments to a complaint, may not contain certain information, which must be modified as follows:

| Do not include: | Instead, use: |
|---|---|
| • a full social security number | → the last four digits |
| • a full birth date | → the birth year |
| • the full name of a minor | → the minor's initials |
| • a complete financial account number | → the last four digits |

5.  At this stage of the proceeding, you need not submit exhibits, affidavits, grievances, witness statements, or any other materials with this complaint to the Clerk's Office. Any documents you submit *must relate directly to the claims you raise in this lawsuit.* They will become part of the court record and *will not be returned to you.*

---

## I. PLAINTIFF INFORMATION

Name (Last, First, MI): Burke, James, Thomas, Pro-se until Attorney takes case.

Aliases/Former Names:

Prisoner ID #: VT.-#15001291

Place of Detention: Out of Vermont State unit @ T.C.C.F./ 19351 U.S. Hwy. 49 North/Tutwiler, MS. 38963-5249

Institutional Address: James T. Burke, VT.-#15001291
T.C.C.F./19351 U.S. Hwy.49 North

County, City: Tutwiler,   State: MS.   Zip Code: 38963-5249

*Indicate your status:*

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee

☒ Convicted and sentenced state prisoner, under-
☐ Convicted and sentenced federal prisoner
PCR appeal pursuant to:
Ciak v. U.S., 59 F.3d 296, 305 (2d Cir. Conn., May 25, 1995). [Violation of Ciak].

## II.   DEFENDANT INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint. Make sure that the defendant(s) listed below are identical to those contained in the caption on the first page of the complaint. Attach additional sheets of paper as necessary.*

Defendant 1: State of WA./Spokane County/City Sheriff's, Unknown-officer[s]
Name (Last, First)

Spokane County/City Sheriff's office, [Individual & Official Capacity]
Current Job Title

Spokane, County/City, WA. State
Current Work Address

Spokane, County/City, WA. State   99210
County, City            State            Zip Code

Defendant 2: Spokane County/City, WA. Cpl. Dave Reagan, [Individual & Official Capacity]
Name (Last, First)

Spokane County/City, WA. State
Current Job Title

Spokesman Cpl. Dave Reagan/[See exhibit-A]
Current Work Address

Spokane County Sheriff's office, WA. State, 99210
County, City            State            Zip Code

Defendant 3: The Eastern Washington Joint Fugitive Task Force
Name (Last, First)

Unknown until discovery/U.S. Deputy Marshal

Current Job Title

Fugitive Task Force, [Individual & Official Capacity]

Current Work Address
Washington, State   99210
Spokane County/City jurisdiction[s]   28 U.S.C. Sec. 1331 &
County, City            State            Zip Code
1343(a)(3). [Original jurisdiction].

### III. STATEMENT OF CLAIM(S)

*In this section, you must explain what you believe each defendant did to violate your civil rights, and if you know, identify the federal statutory or constitutional right you believe was violated.*

*If you believe the defendant(s) violated your civil rights in more than one way, explain each violation under a different count. For example, if you believe you received constitutionally inadequate medical care and your religious rights were substantially burdened, include one claim under "Count I" (i.e., medical) and the other claim under "Count II" (i.e., religion).*

*Number your paragraphs. For example, in Count I, paragraphs should be numbered 1.1, 1.2, 1.3, etc., and in Count II, paragraphs should be numbered 2.1, 2.2, 2.3, etc. The first two paragraphs of each Count have been numbered for you.*

*If you have more than three counts, attach additional pages and follow the same format for each count.*

*If you attach documents to support the facts of your claim(s), you <u>must</u> specify which portion of the document(s) (i.e., page and paragraph) you are relying on to support the specific fact(s) of your claim(s). <u>If you do not specify the portion of the supporting document(s), the Court may disregard your document(s)</u>.*

### COUNT I

*Identify the first right you believe was violated and by whom:*

1.1 4th, 8th & 14:1 U.S. Consti. Amendment Right[s] violation(s) of excessive force-resulting in severe bodly head & broken left leg injury requir=ing stiches and a metal 25" medical leg rod.

*State the <u>facts</u> of your first claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

1.2 On Wednesday, May 25th, 2005 [EXHIBIT-A] Plaintiff was riding his Mountain bike across a Spokane County/City parking lot that had no traffic at the time,

   Plaintiff was on his way to consult with a Defense Attorney after finding out that a Penn. 21 year old hooker who had traveled to the the State of Vermont to sell both her-self and heroin [EXHIBIT-B]

had wrongfully accused Plaintiff of (sexual assault), by making-up a bogus claim of a ("date-rape-drug"), that proved to be faults and a lie. [AGAIN-EXHIBIT-B's].

From out of no-ware Plaintiff was BLIND-SIDED by what Plaintiff found out a few days later after waking up from emergency surgery and bloody head-injuries and a broken left leg, Plaintiff found out that he had been BLIND-SIDED by a white van and hit so hard that Plaintiff had broken-out the Van's front windshield with such force, that Plaintiff's upper body had gone through the van's front windshield, over the steering wheel and splashed glass all over the (UNKNOWN at this time) driver. This case is very much in need of discovery of the Police accident report[s], Hospital-report[s] [Medical record[s] and bill[s], and Court Case Summary reports, i.e. [EXHIBIT-C's] & [EXHIBIT-D's]. All pursuant to [EXHIBIT'S-E's]. Written deposition dicovery questions and follow-up phone deposition[s] of the offending officer in question (who still needs to be discovered).

*State with specificity the injury, harm, or damages you believe you suffered as a result of the events you described above in Count I. Continue to number your paragraphs.*

The hospital medical record[s] will truely speak for them-self, discovery is needed, however #1. Plaintiff's brain bled & swelled to the point of coma and near death, Plaintiff did not wake up out of his temp. coma for a few days after being knocked-out by van being driven at approx. 50 miles an hour, after blind-siding him and also causing a broken left leg, 25" metal rod in leg.       Page 5 of 9

## COUNT II

*Identify the second right you believe was violated and by whom:*

2.1 Aggravated assault with excessive force with-out identification or warning pursuant to unlawful use of a deadly weapon, a van traveling at 50 miles an hour and blind-siding Plaintiff.

*State the facts of your second claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

2.2 Again, (unknown officer until discovery is obtained), physically drove his speeding Police van into Plaintiff with excessive force while Plaintiff was enjoying the--weather and slowly driving his pedal mountain bike (which was also damaged beyond repair), across a parking lot in the City of Spokan, WA. State, resulting in Plaintiff shattering his left leg which needed hours of reconstructive surgery, also a 25" metal medical rod inserted into the marrow of the bone to hold the extensive shatterd left leg below the knee together, with also the use of medical metal screw[s] holding it all together and then a cast and then further reconstructive medical stiching to Plaintiff's head from the excessive-force of the collision that was so excessive that it caused Plaintiff's head and body to go through the officer's van windshield causing Plaintiff life long scars, injuries and medical stiches, follow up hospital care and pain medication[s] while at the Spokane County Jail and resulting in the use of a wheel-chair and the use of the Jail's medical unit housing.

Again discovery will truely document that the medical record[s] and doctor's reports speak for them-selves. Plaintiff has also suffered blind-ness as a direct result of this said excessive force head injury and now needs the use of eye glasses to have vision, T.C.C.F., MS. DOC medical records can confirm together with the need to use a medical ACE Bandage for Plaintiff's past surgery which caused the use of medical metal screws in his left ankle still in need

*State with specificity the <u>injury, harm, or damages</u> you believe you suffered as a result of the events you described above in Count II. Continue to number your paragraphs.*

of support.

Plaintiff now has to live with the life long injury of a dented front fore-head which required several stiches discovery of the medical records will show, and resulting scar[s] to this day.

## COUNT III

*Identify the third right you believe was violated and by whom:*

3.1 Plaintiff is asserting claims for negligence, excessive force, negligent hiring, retention, training and supervision of the offending officer, in violation of Plaintiff's Fourth, Fifth, Eighth and

*State the <u>facts</u> of your third claim below. Include all the facts you consider important. Be specific about dates, times, locations, and the names of the people involved. Describe exactly what each specific defendant did or failed to do that caused you injury or violated your rights, and include any other facts that show why you believe what happened was wrong. If you need additional space, you may attach extra sheets.*

3.2 Fourteenth Amendment Rights of the U.S. Consti., Plaintiff is further contending that Defendant Spokesman Cpl Dave Reagan, did not use the correct facts and committed slander against Plaintiff with un-true-date-rape-drug, un-founded allegtions pursuant to both attached [Exhibits-A & B's] and also pursuant to Defendant's hair shaving public faults news paper story [Exhibit-A].

3.3 Under 42 U.S.C. Sec. 1983, a Plaintiff may bring suit "against-[e]very person who, under color of any statute...of any State...subjects, or causes to be subjected, any citizen...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws..." Wyatt v. Cole, 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed. 2d 504 (1992)(alterations in original)(quoting 42 U.S.C. Sec. 1983).

3.4 The U.S. Supreme Court has identified two elements of a Sec. 1983 claim: "a Plaintiff must and is alleging [1] this was a violation of a right secured by the Constitution and laws of the United States, and [2] the above-alleged deprivation was committed by a van driving person acting under color of State law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, L.Ed 2d 40 (1988). Plaintiff invokes/states, Defendant[s] official and individual capcity[s] of the said named Defendant[s].

3.5 The Fourth Amendment requires Police officer's making an arrest(of-un-armed Plaintiff) to use ONLY an amount of force that is objectively reasonable in light of the (un-armed Plaintiff's circumstances). See; Tennesse v. Garner, 471 U.S. 1, 7-8, 105 S.Ct. 1694, 85 L.Ed. 2d 1 (1985).

"Neither tackling nor punching a suspect to make an arrest necessarily
  *State with specificity the injury, harm, or damages you believe you suffered as a result of the events you described above in Count III. Continue to number your paragraphs.*
constitutes excessive force", but "even where some force is justified, the amount actually used may be excessive". Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir. 2007).(internal quotations omitted).

Under the Ex-parte Young exception to the sovereign immunity doctrine, "[a] Plaintiff may avoid the Eleventh-Amendment bar to suit and proceed against individual State Officers, as opposed to the State, in their-

(See attached 3.5 continued)                    Page 8 of 9

(ATTACHED-3.5 CONTINUED)

official capacities, provided that [the] complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." In re Deposit INS. Agency, 482 F.3d 612, 618, (2d Cir. 2007).

3.6 To determine whether Plaintiff's above said specific instance of [Exhibit-A] injuries was a reasonable use of force, the U.S. Supreme Court, balance "the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing government interests at stake". Id. (citing Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed. 2d 443 (1989)). Factors relevant to this inquiry include whether Plaintiff riding his bike slowley across a parking lot while un-armed and not posing a threat to the said (un-known with out discovery) officer, who never informed Plaintiff he was under arrest or asked Plaintiff to stop for questions, before that officer drove his patrol van into Plaintiff with excessive force.

3.7 The U.S. Supreme Court has repeatedly cautioned that the reasonableness of an officer's use of force "must be judgeed from the perspective of a reasonable officer on the scene". Ryburn v. Huff, U.S.-- No. 11-208 (January 23, 2012)(Per curiam) Quoting Gramham, 490 U.S. at 396-97), A free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other "seizure" of his person are properly analyzed under the above-said FOURTH AMENDMENT'S "objective reasonableness" standard, rather than under a substantive due process standard. The U.S. Supreme Court rejects the notion that all excessive force claims brought under 42 U.S.C.S. Sec. 1983 are governed by a single generic standard. Section 1983 is not itself a source of substantive rights, but merely provides a method for

(See attached 3.7 continued)---

James T. Burke

#15001291

T.C.C.F.

415 U.S. Highway 49 North

Tutwiler, MS  38963

(ATTACHED-3.7 CONTINUED)

for vindicating federal rights elsewhere conferred. In addressing an excessive force claim brought under Sec. 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. Where the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the FOURTH AMENDMENT, which guarantees citizens the right to be secure in their persons against unreasonable seizures of the person. Because the FOURTH AMENDMENT provides an explicit texual source of constitutional protection against excessive force and physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive-due-process" must be the guide for analyzing Plaintiff's claims.

3.8 Plaintiff additionally asserts a claim against Spokane County for a practice or custom of excessive use of force under Monell v. Dept. of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978), in that LEXIS & WESTLAW Spokane, WA. State excessive force claims that are documented by the injured people in this jurisdiction are to many to lawfully "over-look" and documents a un-checked-practice-policy, that led to or caused Plaintiff to be as injured as he was.

I, Plaintiff James Burke, Pro-se, have [PERSONAL-KNOWLEDGE] of the facts pursuant to my injuries.

Dated: Jan. 1st, 2022.

_James Burke_ Pro-se
James T. Burke, VT.-#15001291
T.C.C.F.
19351 U.S. Hwy. 49 North
Tutwiler, MS. 38963-5249

IV. **RELIEF**

*State exactly what you want the Court to do for you. For example, you may be seeking money damages from an individual defendant, you may want the Court to order a defendant to do something or to stop doing something, or you may want both kinds of relief. Make no legal arguments. Cite no cases or statutes.*

#1. Allow Plaintiff a discovery ORDER for Hospital-Record[s], and [Exhibit(s)-A, C, & D's] Police accident report records, Court file, Recommend Defendant[s] settle this wrongful excessive force case out of Court for $200,000 settlement to Plaintiff and the cost of his Spokane, WA. medical bills, (See Exhibit-E, Wrongful-firing settlement).

V. **SIGNATURE**

*By signing this complaint, you represent to the Court that you believe the facts alleged to be true to the best of your knowledge, that you believe those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.*

Jan. 1st, 2022.
Dated

Plaintiff's Signature — James Burke PhD -Se
T.C.C.F.
19351 U.S. Hwy. 49 North
Tutwiler, MS. 38963-5249

This Honorable Civil Court has original lawful jurisdiction over Plaintiff Burke's severe (to this day) injury claims pursuant to 28 U.S.C. Sec. 1331 & 1343. STATUE OF LIMITATION, is pursuant to Hardin v. Straub, 490 U.S. 536, 109 S.Ct. (1998) & Wash.Rev.Code & 4.16.190 (1987).