FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES THOMAS BURKE,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF WASHINGTON, SPOKANE COUNTY, SPOKANE SHERIFFS OFFICE, DAVE REAGAN, EASTERN WASHINGTON JOINT FUGITIVE TASK FORCE and U.S. MARSHAL SERVICE (UNKNOWN OFFICER),<br><br>    Defendants. | No. 2:22-cv-00004-MKD<br><br>ORDER DISMISSING COMPLAINT WITH PREJUDICE<br><br>**1915(g)** |

Before the Court are Plaintiff's three responses, ECF Nos. 22–24, to the Order to Show Cause or Voluntarily Dismiss Complaint issued by the Court on March 21, 2022, ECF No. 11. Specifically, the Court directed Mr. Burke to show cause why his Complaint, asserting the excessive use of force during his arrest in 2005, ECF No. 1, should not be dismissed as time-barred. ECF No. 11 at 9.

ORDER DISMISSING COMPLAINT WITH PREJUDICE -- 1

Plaintiff, a Vermont prisoner currently housed at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi, is proceeding *pro se* and *in forma pauperis*. ECF No. 17. The Court has not directed that Defendants be served with the Complaint. Liberally construing Plaintiff's assertions in the light most favorable to him, the Court finds that Mr. Burke has failed to show cause why his Complaint should not be dismissed as time-barred.

Plaintiff asserts on the fifth page of his first response[1] that, under *Heck v. Humphrey*, 512 U.S. 477 (1994), his § 1983 cause of action has not yet "accrued" because he is still pursuing the invalidation of his allegedly unlawful conviction in Vermont. ECF No. 22 at 5. A plaintiff who challenges conduct that resulted in a valid criminal conviction has no cognizable cause of action under section 1983 if the civil claim would imply the invalidity of the prior conviction. *Heck*, 212 U.S. at 483. In *Heck*, the plaintiff sought damages against police and prosecutors for conducting an arbitrary investigation, knowingly destroying exculpatory evidence, and causing an illegal voice identification to be used at his trial which resulted in his conviction for the charged offenses. *Id.* at 479.

---

[1] The first three pages of Plaintiff's second and third responses are substantially the same, save for differences in highlighting and the fact that handwritten citations have been typed. *See* ECF No. 22 at 2–4; ECF No. 23 at 3–5; and ECF No. 24 at 2–4.

ORDER DISMISSING COMPLAINT WITH PREJUDICE -- 2

Here, Plaintiff is challenging the excessive use of force to effectuate his arrest in Spokane, Washington, in 2005. This cause of action for damages is in no way attributable to an unconstitutional conviction or sentence. *Id*. at 489. A finding in Plaintiff's favor would not affect the validity of his subsequent sexual assault conviction in Vermont. Consequently, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id*. at 486–87 (internal citations omitted); *see also Wallace v. Kato*, 549 U.S. 384, 393 (2007) (concluding that petitioner could have brought his § 1983 action challenging his false arrest immediately after being arrested, without waiting for the resolution of his criminal case, and stating that *Heck* would not be a bar because there has been no conviction yet).

In this case, the "other bar to the suit," *Heck,* 512 U.S. at 487, is the statute of limitations. *See* ECF No. 11 at 5–8. Plaintiff invites the Court to apply *Bianchi v. Bellingham Police Dept.,* 909 F.2d 1316 (1990), to toll the running of the three-year statute of limitations. *See* ECF No. 22 at 1, 5–7; ECF No. 23 at 6. He contends that his "incarcerated disability has . . . yet to be removed," because he has been continuously incarcerated since May 25, 2005. ECF No. 22 at 4–6; ECF No. 23 at 5–7. Plaintiff's reliance on *Bianchi* is misplaced.

ORDER DISMISSING COMPLAINT WITH PREJUDICE -- 3

At the time *Bianchi* was decided in 1990, it was true that Washington's tolling provision, RCW 4.16.190 (1989), applied to plaintiffs "imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life." *Bianchi,* 909 F.2d at 1318. That tolling provision applied to Mr. Bianchi who had been "continuously imprisoned since his arrest." *Id.*

Since 2004, however, the Ninth Circuit has recognized that an arrestee's causes of action under Washington law for false arrest, false imprisonment, negligence, and personal injury were tolled only until the date when the arrestee was sentenced. *See Gausvik v. Perez*, 392 F.3d 1006, 1009 (9th Cir. 2004). Mr. Burke does not dispute that he was sentenced in Vermont in 2010 on the sexual assault charges that were pending when he was arrested in Spokane, Washington, in May 2005. ECF No. 11 at 6.

Plaintiff cites to *Hardin v. Straub*, 490 U.S. 536 (1989) for the proposition that Washington's three-year statute of limitation should be tolled. ECF No. 22 at 4; ECF No. 23 at 5; and ECF No. 24 at 4–5. *Hardin* involved a Michigan statute that suspended limitations periods for those under legal disability, including prisoners, until one year after their disability had been removed. Even if this one-year suspension applied, the disability under Washington law in this case was removed upon sentencing in 2010. *See Gausvik*, 392 F.3d at 1009. Plaintiff did not submit his complaint to this Court until January 1, 2022. *See* ECF No. 1-3 at 1.

ORDER DISMISSING COMPLAINT WITH PREJUDICE -- 4

Because considerably more than three years elapsed after he was sentenced in 2010 and before he initiated his civil rights action in this District in 2022, Plaintiff's cause of action is clearly time barred. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002); *Millay v. Cam*, 135 Wash.2d 193 (1998) (requiring "bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff," for equitable tolling to apply).

Although provided the opportunity to do so, Plaintiff has failed to demonstrate either a statutory or equitable basis to toll the running of Washington's three-year statute of limitations in this action. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993). Plaintiff also did not avail himself of the opportunity to voluntarily dismiss this action.

Accordingly, **IT IS ORDERED** that the Complaint, **ECF No. 1**, is **DISMISSED WITH PREJUDICE** as time-barred. This is a qualifying dismissal under 28 U.S.C. § 1915(g). *See Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals that are dismissed as frivolous, malicious, or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is advised to read

ORDER DISMISSING COMPLAINT WITH PREJUDICE -- 5

<u>the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's Complaint may adversely affect his ability to file future claims.</u>

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and **CLOSE** the file. The Clerk of Court is further directed to provide a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

DATED April 19, 2022.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING COMPLAINT WITH PREJUDICE -- 6